Matthias, J.
 

 The appellant offered evidence explaining the reason why the book value of the land and buildings was originally established at the larger figure, and stated that the reserve, created at the time of the purchase of the property from its former owner,
 
 *503
 
 operated to establish the fair value of these assets since they were acquired by the issue of stock of the appellant as payment therefor. Furthermore, these original valuations were those established March 1, 1913, in compliance with the federal income tax laws.
 

 The question presented by the record in this case involves the definition of the term, “book value.” The appellant claims that, when it returned its property at a valuation computed by deducting the reserve, the result constituted the book value of the assets; that the use of this reserve was merely a bookkeeping entry and “had no relative bearing upon its [land and buildings] fair market value. Yet, the accountants that incorporated the company, after setting up the books, found it necessary, under the statute, to establish the fair market value of the stock, and this was done by setting up a reserve of approximately $750,000 as against the three-one-13 value depreciated to that point. ’ ’
 

 Section 5498, General Code, provides in part as follows :
 

 “For the purpose of this act, the value of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of * * * (d) such further amount as upon satisfactory proof furnished by the corporation, the Tax Commission [er] may find to represent the amount, if any, by which the value of the assets (other than good will) of the corporation as carried on its books exceeds the fair value thereof. Claim for the deduction of such difference must be made by the corporation at the time of filing its report.
 
 * * *”
 

 If the deduction of this réserve effected a reduction of assets from the book value to the fair value thereof, the last sentence in Section 5498, General Code,
 
 supra,
 
 
 *504
 
 is clearly applicable. Since it is conceded that no such claim for deduction was made in any of these years, and no opportunity afforded the Tax Commissioner to pass upon the correctness of the reserve, the decision of that question is controlling in this case.
 

 This court heretofore has considered the meaning of the term, “book value.” In the case of
 
 Wheeling Steel C-orp.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 71, 54 N. E. (2d), 132, the following rules were established:
 

 “1. Where a taxpayer made an appraisal of its machinery and other factory equipment but did not change its bookkeeping records in accordance with such appraisal, a tax return based upon such appraisal does not reflect ‘book value’ or ‘book depreciation’ or ‘depreciated book value’ of such personal property, within the meaning of those terms as used in Section 5389, General Code.
 

 “2. Book value of personal property, as used in Section 5389, General Code, is to be obtained from a capital account set up on the books of the taxpayer in the ordinary course of business wherein are recorded the costs of such personal property.
 

 “3. Book depreciation as used in Section 5389, General Code, is to be obtained from the taxpayer’s depreciation account set up in the ordinary course of business upon the books of the taxpayer and which account is regularly and consistently credited with depreciation under some generally recognized method of reflecting depreciation of the taxpayer’s personal property. ’ ’
 

 The provisions of Section 5498, General Code, do not require that claims for deductions be filed where reserves for depreciation are involved if those reserves are established regularly in the course of the business of the company. But a different situation exists where it is claimed that assets carried at book value are in fact overvalued and a claim for deduction is made so
 
 *505
 
 that the tax will he assessed on the basis of the fair value thereof. The reserve in the instant case is not an annual reserve for depreciation, because regular annual depreciation has been taken on the value of these assets; instead, the claim is that the book value as shown exceeded the fair value of these assets by the amount of the reserve. The statute authorizes the Tax Commissioner, upon proper claim being made and satisfactory proof furnished by the corporation, to pass upon the validity of the claim for reduction. However, since the record shows no timely application for the allowance of such reduction, the Tax Commissioner was without authority to compute the franchise tax on any value other than the book value.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.